ALFORD *et al. v.* CITY OF EATONTON *et al.*

RUSSELL, C. J. By paragraph 13 of section 29 of "An act to create and establish a new charter for the City of Eatonton, to declare the rights, powers, and privileges of said corporation; and for other purposes," the General Assembly (Ga. L. 1908, pp. 620, 644) empowered the City of Eatonton "to own, use, and operate, for municipal purposes and for profit, systems of waterworks [and other public utilities]; to make rules and regulations regarding the use of the same by the public." In pursuance of this enactment the municipal authorities of the City of Eatonton doubled the water-rate which theretofore had been charged consumers of water obtained from the city waterworks, and gave notice that if the price fixed by the city for water was not paid, the water would be cut off; and that no further water would be furnished to such customers as did not desire to pay the price fixed by the city, except upon the payment of a fee for services in turning on the water again. In these circumstances the petitioners filed a petition seeking an injunction to restrain the municipality from increasing the price of water furnished by the city. They raised no point that the grant of power whereby the city may operate a system of waterworks for municipal purposes and for profit is for any reason in violation of any paragraph, section, or article of the constitution of the State of Georgia or of the United States. The insistence is that the water-rent is a tax, and that this tax is not uniform, because the charge does not affect all the citizens of Eatonton. The defendant interposed general demurrers which were sustained, and the petition was dismissed. *Held:*

1. Under the legislative grant above referred to, the City of Eatonton is empowered to operate its system of waterworks, not only for the pur-

pose of using water for municipal purposes, such as the flushing of sewers, the extinguishment of fires, the laying of dust upon its streets, etc., but it may also operate said waterworks for such profit as may be, in the judgment of the municipal authorities, right and proper in the conduct of the municipal affairs of the city.

2. The price at which the city furnishes water to its customers is not in any sense a tax, so far as appears from the allegations of the petition. The question of uniformity in taxation is therefore not presented. There appears no city regulation which requires any customer to use water from the waterworks owned by the city. The price fixed by the city for its water affects no citizens except those who desire to purchase water from the city. Those who do not wish to use the water supplied by the city, so far as the allegations of the petition are concerned, have the right to cease buying water from the city. There is no allegation that the city is losing money in the operation of the waterworks, which may thereby impose upon taxpayers liability to increased taxes ad valorem upon their property within the city limits. On the contrary, the petitioners allege that the city is making large profits upon their waterworks system. The plaintiffs failed to set forth any cause of action, and the court properly dismissed the petition.

*Judgment affirmed. All the Justices concur.*

No. 8379.   JANUARY 16, 1932.

*R. C. Jenkins* and *S. T. Wingfield,* for plaintiffs.
*W. T. Davidson,* for defendant.