STANDARD CIGAR CO. *et al. v.* DOYAL, tax-commissioner, *et al.*

No. 9132. OCTOBER 12, 1932. REHEARING DENIED NOVEMBER 17, 1932.

*George G. Finch,* for plaintiff.

*Lawrence S. Camp, attorney-general, W. K. Meadow* and *T. R. Gress, assistant attorneys-general,* for defendants.

GILBERT, J.  The exception is to a judgment refusing an interlocutory injunction to prevent the collection of the tax on dealers in cigars and cigarettes, as provided in the act of the General Assembly approved March 28, 1931. Ga. Laws Ex. Sess. 1931, p. 11. It does not appear from the petition that complainants have suffered or are about to suffer any injury from the enforcement of that tax. No criminal prosecution has been begun or threatened against them on account of liability for and failure to pay such tax, nor has any execution been issued or levied for the purpose of collecting the tax in that manner.  Petitioners merely complain that such a law has been enacted by the General Assembly, and that if it is enforced they will be subject to criminal prosecution and to have their property seized, levied upon, confiscated, and sold under the provisions of said alleged unconstitutional act.  The answer merely admits that it is the intention of the defendants to enforce the act, and that failure to comply therewith will "subject" petitioners to prosecution, etc.  This court has held that a judgment refusing an interlocutory injunction where petitioners have been in no way harmed or threatened either criminally or civilly will not be reversed.  *Cathcart Van & Storage Co.* v. *Atlanta,* 169 *Ga.* 791 (151 S. E. 489) ; *Walden* v. *Sellers,* 174 *Ga.* 774 (163 S. E. 897).

*Judgment affirmed.  All the Justices concur, except Atkinson, J., absent.*

### ON MOTION FOR REHEARING.

The plaintiffs in error move for a rehearing on the ground that this court overlooked the fact that the general demurrer to the petition was sustained, and that error was assigned thereon.  The judgment was: "This case coming on for interlocutory hearing, upon consideration of the case the within demurrer is sustained and the petition is dismissed, and the injunction prayed for is denied."  The plaintiffs excepted to that judgment, in the following language : "To the order of the court in sustaining the general demurrer of the defendant, and to the order of the court dismissing the petition as amended, plaintiffs excepted and now except and assign the same

as error, and say that the court erred in sustaining said demurrer, and that the court erred in dismissing the petition of the plaintiffs as amended, and that the court erred in failing and refusing to grant the relief prayed for."

The judgment and the assignment of error were treated as raising only the question of the refusal of an interlocutory injunction. The ruling on the demurrer was overlooked, but that can not alter the result. The judgment of this court was not intended to be construed as a ruling on constitutional questions raised; therefore the plaintiffs are not foreclosed nor prevented from again raising any of those questions in another proceeding. The ruling on the demurrer and the refusal to grant an injunction by the trial court are to be construed to have been based solely on the failure to allege in the petition that any complainant had been arrested or threatened with arrest, or that any execution had been issued against any of the complainants; and therefore the petition failed to allege that the person or property interests of any of the complainants had been molested. In the motion for rehearing attention is called to paragraph 20 of the petition, as follows: "That the defendant herein is actually enforcing the provisions of the act herein complained of; and if your petitioners fail and refuse to comply with the said provisions, they will have their property seized and forfeited." These allegations, according to established rules, must be most strongly construed against the pleader. Thus construed, paragraph 20 can only mean that the revenue commission is actually enforcing the provisions of the act, that is, against some dealers; but it is not to be construed as an allegation that such enforcement had been begun against any of the petitioners at the time of the filing of the suit. It is of course to be presumed that all laws will be enforced. Until some act has been done to the injury of the person or persons bringing the suit, however, no right of action exists. The further allegation that if petitioners fail and refuse to comply with the provisions of the act they will have their property seized and forfeited is merely an allegation of what petitioners believe will take place in the future. Certainly, under the petition, none of the complainants had, at the time of the filing of the suit, been in any way injured. Although the decision is not placed upon that fact, it is noted that neither the original petition nor the amendment anywhere expressly alleges that any of these complainants are

doing business in the State of Georgia in any manner which would subject them to the imposition of the tax. We are authorized to conclude that such is the case, because the petition is headed "Georgia, Fulton County," and, as shown above, it is alleged that if petitioners do not comply with the provisions of the act their property will be seized, etc.

Injunction is a harsh remedy, and facts sufficient to authorize the grant thereof should not depend upon conclusions, but should be expressly alleged. The sum of our ruling on that point is that no one has a right to come into a court of equity and obtain the stringent remedy of injunction against the operation of a statute, especially one levying taxes, which has not yet in any way been enforced against the complainants. It is also a familiar rule that "A court will always abstain from passing upon the question of the constitutionality of an act of the legislature, if there be any other ground in the case upon which to rest its decision." *McGill* v. *Osborne*, 131 *Ga.* 541 (2) (62 S. E. 811) ; *Carter* v. *Dominey*, 157 *Ga.* 167, 170 (121 S. E. 236) ; *Strachan Shipping Co.* v. *Savannah*, 168 *Ga.* 309, 314 (147 S. E. 555) ; *City of Waycross* v. *Bell*, 169 *Ga.* 57, 62 (149 S. E. 641). These authorities are sufficient justification for the refusal of this court to pass upon the constitutional questions raised when an affirmance of the judgment must necessarily result from the failure to make the allegations mentioned above. The ruling is now directly made that the court did not err in sustaining the general demurrer.

2. In the bill of exceptions there was also an assignment of error on the refusal of the court to grant supersedeas. Since we have held above that the court did not err in dismissing the petition, it necessarily follows that there was no error in refusing supersedeas. *Rehearing denied.*