COLLIER *et al.* v. CITY OF ATLANTA.

ATKINSON, J. 1. The City of Atlanta has authority under its charter to extend its water mains beyond the city limits and into the territory of the adjacent County of DeKalb, and to supply persons in such outlying territory with water service, and to charge persons for such service as may be supplied to them on their request.

(*a*) The charge for such service is not in any sense a tax.

(*b*) The city may not compel any person in such outlying territory to accept the water service which it undertakes to provide, nor may the city be compelled to render water service to such person where it has not voluntarily contracted to do so.

(*c*) The city may, by ordinance in pursuance of its charter powers, classify rates to be charged in such outlying territory for service to be rendered therein, and provide for cutting off water supply to customers for failure to pay their bills.

576

(d) The fact that rates are prescribed that are higher than those fixed within the city limits will not render the rates charged in such outlying territory objectionable as offending the due-process and equal-protection clauses of the State and Federal constitutions.

(e) Nor will the fact that the rates fixed applicable to the outlying territory include a 25 per cent. increase over former rates in such territory, for the purpose of paying the costs of extending a new and larger water-main rendered necessary to supply a large amount of water to certain of the outlying territory, render such rates objectionable as offending the above-mentioned provisions of the constitution, or as creating an illegal discrimination.

(f) The fact that the city is afforded, by amendment to its charter (Ga. L. 1917, p. 525, sec. 1), the power of policing certain sections in the municipality of North Atlanta does not affect the case.

(g) In connection with the foregoing rulings see *Alford* v. *Eatonton*, 174 *Ga.* 169 (2) (162 S. E. 495); Holmes *v.* Fayetteville, 197 N. C. 740 (150 S. E. 624); Childs *v.* Columbia, 87 S. C. 566 (70 S. E. 296).

2. The foregoing deals sufficiently with the controlling questions in the instant case. The petition as amended failed to allege cause for setting aside the ordinance, or for injunction to prevent the collection of the 25 per cent. increase in rates, or to prevent cutting off water supply to customers for refusal to pay water bills.

*Judgment affirmed. All the Justices concur.*

No. 9599. FEBRUARY 24, 1934. REHEARING DENIED MARCH 3, 1934.

578

*T. B. Higdon,* for plaintiffs.
*J. L. Mayson, C. S. Winn,* and *J. C. Savage,* for defendant.