ZARING *v.* ADAMS *et al.,* commissioners.

No. 12766. MAY 9, 1939.

*Sydney H. Baynes,* for plaintiff.

*Walter C. Hendrix, Spalding, Sibley, Troutman & Brock, W. S. Northcutt,* and *E. H. Sheats,* for defendants.

REID, Chief Justice. John H. Zaring Jr. owned two tracts of land in Fulton County, on which he operated certain business enterprises. The board of commissioners of roads and revenues of said county gave notice of its intention to consider the matter of zoning this and other property and restricting the same to resi-

dential uses, in accordance with a petition filed by George Wilson for this purpose. Apprehending that his present business enterprises would prosper, and that some time in the future it would be advisable and necessary for him to augment his facilities by erecting additional buildings on his property to be used in his business, all of which the proposed zoning regulations, if adopted and passed, would prohibit, he filed in the superior court a petition seeking an injunction against the members of said board, to restrain them from considering and passing said proposed regulations, contending, as a basis therefor, that the act of the General Assembly approved December 22, 1938, vesting in said board of commissioners the power to establish zoning districts and restricting the uses of property therein, is unconstitutional, for various reasons (unnecessary to state here, under the view that we take of the case); further contending that said regulations themselves would be unconsitutional for various reasons; and alleging that he believed that the board will zone said property as above stated. The defendants' demurrer was sustained, and the plaintiff excepted.

The writ of injunction, commonly referred to as the "strong arm of equity," as a general rule may be sought only where there is a manifest necessity therefor to prevent irreparable injury to some right of the plaintiff, by reason of impending acts or conduct of another. Accordingly, it may not be resorted to where it does not appear that the acts and conduct sought to be enjoined will, if committed, work substantial and irreparable injury to the plaintiff. In the present case the plaintiff seeks to enjoin the consideration of and passage by the board of commissioners of a proposed zoning regulation which will be applicable to certain property owned by him. The passage by the board of such a proposed regulation will not of itself work such an injury to the plaintiff. It will be in sufficient time to appeal to the courts to determine the legality of this regulation when there is in some manner an attempt to enforce it so as to prevent the plaintiff from using his property in a way contrary to its terms, if the occasion should ever arise when the plaintiff may actually desire to do so. See *Walton* v. *Reid,* 148 *Ga.* 176 (96 S. E. 214); *Brimer* v. *Jones,* 185 *Ga.* 747; *Standard Cigar Co.* v. *Doyal,* 175 *Ga.* 857 (166 S. E. 434); 14 R. C. L. 437. Cf. *Smith* v. *Atlanta,* 161 *Ga.* 769 (132 S. E. 63, 54 A. L. R. 1001); *Commissioners of Glynn County* v.

*Cate,* 183 *Ga.* 111 (187 S. E. 636). The judgment sustaining the demurrer and dismissing the petition was not erroneous.

*Judgment affirmed. All the Justices concur.*