LAWSON *et al.* v. CITY OF MOULTRIE *et al.*

700

*J. O. Gibson, Hoyt H. Whelchel,* and *Waldo DeLoache,* for plaintiffs.

*George R. Lilly, solicitor-general, P. Q. Bryan,* and *S. M. Kelley,* for defendants.

GRICE, Justice.  ■■  In *Miller* v. *Head,* 186 *Ga.* 694 (198 S. E. 680), this court held that neither the revenue-certificate law of 1937 (Ga. L. 1937, pp. 761 et seq.), nor the resolution adopted by the authorities of the county having for its purpose the establishment and maintenance of a waterworks system in accordance with that act, was violative of the constitution of this State, art. 7, sec. 7, par. 1 (Code, § 2-5501), limiting the powers of counties and municipalities in relation to debt. That decision dealt with the right of a county to construct a waterworks system, and, in anticipation of the collection of revenues therefrom, to issue certificates payable solely from such revenues. The statute there considered, the attack on which was not sustained, gave the same rights to towns and cities that it did to counties. In the opinion authorities are referred to and discussed. The cases of *Morton* v. *Waycross,* 173 *Ga.* 298 (160 S. E. 330), *Renfroe* v. *Atlanta,* 140 *Ga.* 81 (78 S. E. 449, 45 L. R. A. (N. S.) 1173), and *Byars* v. *Griffin,* 168 *Ga.* 41 (147 S. E. 66), were analyzed and distinguished, and the result reached that since the proposed system of waterworks was to be an entirely new undertaking, and no existing funds or property of the county were to go into it for the purpose of creating a combined enterprise as basis for the production of income from which the certificates were to be retired, it did not create a debt within the meaning of the constitutional provision hereinbefore referred to. Before the act of 1939 (Ga. L. 1939, pp. 362 et seq.) there was no law making applicable the provisions of the act of 1937 to improvements, betterments, and extensions of existing plants. This was provided for in an amendment to subsection (d) of section 3 of the act of 1937, by adding a new section to be numbered d-1, as follows: "To fix the value of existing undertakings at the time the school district,

county, city or town desires to reconstruct, improve, better, or extend such undertaking, and to pledge to the payment of the revenue-anticipation certificates and the interest thereon, issued for said undertaking under this act, such part of the revenues of such undertaking as the cost of the reconstruction, improvement, betterment, or extension of the undertaking bears to the said cost plus the value of the existing undertaking before reconstruction, improvement, betterment, or extension. The provisions of this subsection shall not be construed to restrict or limit the powers granted in subsection (d) of section 3." Acts 1939, p. 365, sec. 2. The General Assembly here provided, as had been done in the act to which the amended act related, and which was considered by this court in *Miller* v. *Head,* supra, that the certificates should be paid only from "such part of the revenues of such undertaking as the cost of the reconstruction, improvement, betterment, or extension of the undertaking bears to the said cost plus the value of the existing undertaking before reconstruction, improvement, betterment, or extension." Every argument used by this court in *Miller* v. *Head,* supra, to sustain the ruling there made supports the legislation here involved. The ground was thoroughly plowed in that case, and it would serve no useful purpose to go over it again. A logical and reasonable application of the principle there ruled requires a ruling here that neither the act nor the ordinance violates the constitutional provision above referred to.

▌ A further constitutional attack is made on the two acts above referred to, for that provision is there made for the appointment of a receiver in certain instances, and that such provision is an invasion by the legislature of the powers of the judiciary, contrary to the constitution, art. 1, sec. 1, par. 23 (Code, § 2-123), which declares that the legislative, judicial, and executive powers shall forever remain separate and distinct. This contention is without merit.

▌ The ordinance is attacked as void because contrary to the law as contained in the Code, § 69-202, which declares that "one council may not by an ordinance bind itself, or its successors, so as to prevent free legislation in the matter of municipal government,", because the ordinance obligates successive governing authorities of the city to abide by its terms. The section last referred to was codified from a decision of this court in *Williams* v. *West Point,*

68 *Ga.* 816. The ruling was "A municipal corporation may bind itself by, and can not abrogate, any contract which it has the right to make under its charter, but one council can not, by ordinance, bind itself and its successors to a given line of policy, or prevent free legislation by them in matters of municipal government. Therefore an ordinance that no license to retail liquor should be granted for less than $500.00 per annum until the expiration of those for which that sum was paid was void." The quoted language recognizes a distinction which is applicable in the instant case. Having ruled that the city had the right to issue these certificates, that is, to make the contract under the act of 1939, supra, it had the right to agree that throughout the period which these certificates run the city would keep the property insured, have audits made, provide for the payment of a certain percentage of the revenues into a certain fund, etc., all of which, and similar provisions including the manner in which the plant should be operated, were part of the contract between it and the holders of the certificates. These portions of the ordinance relate, not to the governmental functions, but to the proprietary action of the municipality. See the authorities cited in *Aven* v. *Steiner Cancer Hospital Inc.,* 189 *Ga.* 126, 142 (5 S. E. 2d, 356). "In the operation of an electric-light and water plant, a municipal corporation is engaged in a non-governmental function." *Carruthers* v. *Hawkinsville,* 42 *Ga. App.* 476 (156 S. E. 634), and cit. In 2 McQuillin on Municipal Corporations, § 871, the following may be found: "In the absence, therefore, of a valid provision to the contrary the council of a municipal corporation having the authority to legislate on any given subject may exercise that authority at will by enacting or repealing an ordinance in relation to such subject-matter. Such in varying form is the statement of the rule when the ordinance is not a contract, or one that is, from its nature, exhausted from a single exercise." The contentions of the intervenors here dealt with afford no reason for denying validation.

■ The averment of the intervenors that the portion of the ordinance fixing the value of the present system is without effect, and asserting that as a matter of fact the existing system exceeds in value the amount named by the city council, was properly stricken on demurrer. The claim is not that the valuation was arbitrarily fixed, or was fraudulently named, but in effect it avers

that the city authorities were mistaken when in the exercise of their judgment they found as a matter of fact that the valuation of the existing system was one hundred and five thousand dollars. In order to comply with the act under which these certificates were issued, a valuation had to be made. The business affairs of a municipality are committed to the corporate authorities, and the courts will not interfere except in a clear case of mismanagement or fraud. *McMaster* v. *Waynesboro,* 122 *Ga.* 231 (50 S. E. 122).

*Judgment affirmed. All the Justices concur, except Hewlett, J., not participating.*