REED *v.* CITY OF SMYRNA *et al.*

No. 15544. SEPTEMBER 5, 1946.

*R. M. Reed,* for plaintiff in error.

*H. G. Vandiviere, Solicitor-General, H. S. Willingham, James A. Branch Jr.,* and *Sumter M. Kelley,* contra.

WYATT, Justice.  ██  In his brief filed in this case, the plaintiff in error has very conveniently grouped his contentions under seven divisions, and we will thus deal with the questions raised. It is first contended that the City of Smyrna can not combine its water-works system with its sewerage system and operate the two as one. The argument is made that the water-works system is a proprietary and revenue-producing function, and that the sewerage system is a governmental function, and for this reason the two can not be combined into one system, notwithstanding any authority so to do by the terms of the Revenue Certificate Law (Ga. L. 1937, p. 761). As authority for the fact that this court has recognized the distinction between the proprietary functions and the governmental functions of a municipality, *Aven* v. *Steiner Cancer Hospital,* 189 *Ga.* 126 (5 S. E. 2d, 356), and *Lawson* v. *Moultrie,* 194 *Ga.* 699 (22 S. E. 2d, 592), are cited in the brief of the plaintiff in error. We, of course, recognize the difference between the proprietary and governmental functions of a municipality. However, we do not think that question is presented in the instant case. The Revenue Certificate Law of 1937, sections 2 (a) and 3, expressly authorizes

the combination of water-works systems and sewerage systems for the purposes here contemplated. Article seven, section seven, paragraph five of the Constitution of 1945 (Ga. L. 1945, p. 71) contains the following language: "Revenue anticipation obligations may be issued by any county, municipal corporation, or political subdivision of this State, to provide funds for the purchase or construction, in whole or in part, of any revenue-producing facility which such county, municipal corporation, or political subdivision is authorized by the act of the General Assembly approved March 31st, 1937, known as the 'Revenue Certificate Law of 1937,' as amended by the Act approved March 14, 1939, to construct and operate, or to provide funds to extend, repair, or improve any such existing facility." It follows that the Constitution itself expressly provides that water-works systems and sewerage systems may be combined in the identical manner undertaken in the instant case.

■ The plaintiff in error next contends that "the ordinance and contract here in issue, and the revenue certificates proposed to be issued in pursuance of the same, are also invalid as being in violation of the following well-established rule of this State: 'One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government' (*Williams* v. *City Council of West Point,* 68 *Ga.* 816)." After conceding that this limitation is not applicable to proprietary functions, it is argued that the rule is applicable to the instant case for the reason that the sewerage system, a governmental function, is combined with the water-works system, a proprietary function. What has been said in division one of this opinion answers this argument of the plaintiff in error adversely to his contention.

■ The contention is made that, since the ordinance of the City of Smyrna authorizes the appointment of a receiver for the water and sewer system in the event of a default, it seeks to invade the realm of the judiciary, and is violative of article one, section one, paragraph twenty-three of the Constitution of the State of Georgia. This provision is as follows: "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one, shall, at the same time, exercise the functions of either of the others, except as herein provided." The identical question now raised was made in *DeJarnette* v. *Hospital Authority of Albany,* 195 *Ga.* 189 (23 S. E. 2d, 716), and *Lawson*

v. *Moultrie,* supra. In both of those cases this court held that there was no merit in this contention. The argument is made that the ruling in those cases is not applicable to the instant case for the reason that in this case it is proposed to combine an existing sewerage system with a water-works system; that the operation of the sewerage system is a governmental function; and that this was not a fact in either the *DeJarnette* or the *Lawson* cases. Since we have in this case held that the Revenue Certificate Law of 1937 and the Constitution of 1945 confer upon municipalities express constitutional authority to combine sewer and water-works systems for the purposes here involved, this contention is without merit.

■ The plaintiff in error contends that "the entire scheme comprising the ordinance, the proposed revenue certificates, and the contract between the City of Smyrna and Cobb County is in violation of article seven, section seven, paragraph one of the Constitution of Georgia," this being the debt-limitation clause of the Constitution. It is argued that the contract is for thirty years and obligates the City of Smyrna to construct jointly with the county a water main and to bear one-half the cost thereof; to bear one-half the maintenance and operating expense; to construct and maintain a small main connecting with the joint main; to pay $25 per month as its portion of the salary of an engineer; and to buy water and pay therefor 8 cents per one thousand cubic feet. It is insisted that each of these covenants on the part of the city is a direct pecuniary obligation, which constitutes a debt under the above-referred-to debt-limitation clause of our State Constitution, and is without the approval of the voters.

Article seven, section six, paragraph one (a) of the Constitution of 1945 provides that contracts of the character of the one under consideration may be entered into by a municipality for a period not exceeding fifty years. In *DeJarnette* v. *Hospital Authority of Albany,* supra, this court was dealing with the act approved March 27, 1941 (Ga. L. 1941, p. 241), known as the Hospital Authorities Law. The court said: "The contract undertook to bind the county and the municipality each to pay to the hospital authority the sum of $100,000 in twenty annual installments of $5000 each, with interest. Under the terms of the contract these promises to pay were made unconditional." The contract in that case was held to be a violation of the debt-limitation clause of the Constitution.

In the instant case, the following provisions appear in the contract: "Both parties agree that this agreement and all undertakings and obligations herein contained shall not be deemed to constitute a debt of either party hereto or a pledge of the faith and credit of either party, and neither party shall have the right to compel any exercise of the taxing power of the respective political subdivisions to perform any term hereof or to pay any sums due hereunder, and neither party shall be subject to any pecuniary liability hereunder except as to the obligations of payment of the amounts due under the terms of this contract for the erection of the 'project,' its operation and maintenance, and for the water furnished, and then only to the extent of funds available which have been either produced by the water-works system, or from the sale of revenue anticipation certificates issued against and secured by such revenues." In *Miller* v. *Head*, 186 *Ga.* 694 (198 S. E. 680), the Revenue Certificate Law of 1937 was under attack as being in violation of the debt-limitation clause of the Constitution. This court said: "All of these contentions are predicated upon the assumption that the revenue certificates will constitute a debt within the meaning of the foregoing provisions of the Constitution of this State. We can not concur in this view. The act is designed to provide for self-liquidating projects, and the revenue certificates therein contemplated are not to be a charge against the general credit of the county or municipality. The liability is to be satisfied only from revenues produced by the undertaking, and under the specific terms of the statute the political division will never be required to aid in its retirement with funds derived from any other source, and is in fact prohibited from doing so." This ruling appears to control the objections urged in the instant case adversely to the plaintiff in error.

■ It is contended by the plaintiff in error that the raise in water rates from $1.35 for 3000 gallons to $3 for 3000 gallons is arbitrary and confiscatory, and constitutes a taking of property without due process of law, in violation of article one, section one, paragraph three, of the Constitution of Georgia. The Revenue Certificate Law of 1937 vests in the municipal authorities the power to fix rates, and we can not say as a matter of law that the rate fixed in the instant case amounts to a taking of property without due process of law.

■ It is contended that the plaintiff in error now makes no use of the sewerage system, and that to combine the sewerage system with the water-works system will have the effect, in so far as the plaintiff in error is concerned, of favoring one class of persons, those who now use the sewerage system, to his detriment, in violation of article one, section one, paragraph two of the Constitution of Georgia. Under repeated rulings of this court, there is no merit in this contention. We consider it sufficient to cite only *Georgia Railroad &c. Co.* v. *Decatur,* 137 *Ga.* 537 (73 S. E. 830, 40 L. R. A. (N. S.) 935).

■ The final contention made by the plaintiff in error is that "the charter of the City of Smyrna (Ga. L. 1931, pp. 955-988, as amended by Ga. L. 1943, pp. 1586-1592) does not authorize the issuance of revenue certificates or the entering of contracts such as the one sought to be executed between said city and Cobb County." When the Revenue Certificate Law of 1937 and the Constitution of 1945 were adopted, the provisions of each as to Revenue Certificates became a part of the charter of every municipality of this State. See *DeJarnette* v. *Hospital Authority of Albany,* supra. There is no merit in this contention.

From what has been said above, it follows that there was no error in dismissing the intervention and in upholding the validity of the water and sewerage revenue certificates.

*Judgment affirmed. All the Justices concur.*