BARR *et al. v.* CITY COUNCIL OF AUGUSTA.

HEAD Justice. 1. "The business affairs of a municipality are committed to the corporate authorities, and the courts will not interfere except in a clear case of mismanagement or fraud." *McMaster* v. *Waynesboro,* 122 *Ga.* 231 (5) (50 S. E. 122); *South Georgia Power Co.* v. *Baumann,* 169 *Ga.* 649, 652 (151 S. E. 513); *Lawson* v. *Moultrie,* 194 *Ga.* 699, 703 (22 S. E. 2d, 592).

2. The fixing of water rates, from time to time, by a municipality, is a legislative or governmental power, and one council may not, by contract or ordinance, deprive succeeding councils of this legislative or governmental power. Code, § 69-202; *Horkan* v. *Moultrie,* 136 *Ga.* 561, 563 (71 S. E. 785); *Screws* v. *Atlanta,* 189 *Ga.* 839, 843 (8 S. E. 2d, 16); *Barr* v. *City Council of Augusta* (case No. 17013), ante, 750, headnote 2.

3. A municipal corporation may not compel any person outside its territorial limits to accept water service which it undertakes to furnish, nor may the municipal authorities be compelled to render such service. A municipal corporation may classify rates to be charged in outlying territories, and upon failure of customers to pay such charges, the municipal corporation may discontinue its service. An ordinance, which provides that rates for water service shall be higher in territory outside the corporate limits, is not unconstitutional and void as denying "due pro-

cess" and "equal protection" under the Federal and State Constitutions. *Collier* v. *Atlanta,* 178 *Ga.* 575 (173 S. E. 853).

4. The question of whether or not an ordinance is reasonable is one of law for the court. 2 McQuillin on Municipal Corporations, 1583, § 729; 37 Am. Jur., 801, § 172; *Central Railroad & Bkg. Co.* v. *Brunswick & Western R. Co.,* 87 *Ga.* 392 (13 S. E. 520); *Metropolitan Street R. Co.* v. *Johnson,* 90 *Ga.* 501 (7) (16 S. E. 49); *Columbus R. Co.* v. *Waller,* 12 *Ga. App.* 674 (78 S. E. 52). Under the preceding rulings, the ordinance of March 7, 1949, fixing a higher rate for water service outside the corporate limits of the city, was not unreasonable or discriminatory.

5. The courts will not inquire into the motives of a municipal council in the enactment of an ordinance. *Barr* v. *City Council of Augusta* (case No. 17013), ante, 750. *Judgment affirmed. All the Justices concur.*

No. 17014. APRIL 10, 1950.

*Cumming, Nixon & Eve,* for plaintiffs.

*William P. Congdon, Congdon, Harper & Leonard,* and *Fulcher & Fulcher,* for defendant.