18922. MESSENHEIMER *et al. v.* WINDT *et al.*

ARGUED APRIL 11, 1955—DECIDED MAY 9, 1955.

*Jacobs & Gautier, Thomas Arnold Jacobs, J. J. Gautier*, for plaintiffs in error.

*Miller, Miller & Miller, C. Cloud Morgan*, contra.

ALMAND, Justice. The judgment under review is one sustaining general demurrers to an equitable petition as amended. N. L. Messenheimer and nine other individuals, residing in Bibb County and outside the corporate limits of the City of Macon, on behalf of themselves and approximately 9,000 others residing outside the limits of the city, brought their equitable petition against the city and certain individuals constituting the Water Board of the city. They allege: that, since 1937 up to the present date, the Water Board had appropriated revenues received from the sale of water each year to the support of the Macon Hospital, and under an amendment to the city's charter in 1952 (Ga. L. 1952, p. 2658), and an amendment to the Constitution of the State (Ga. L. 1952, p. 518), the Board of Water Commissioners was authorized and directed to pay to the treasurer of the city $140,000 per year, to be used exclusively for the retirement of obligations of the Macon Hospital; that certain charter amendments authorizing the payment of water receipts to the city for purposes other than the cost of maintaining and operating the waterworks department were unconstitutional and void for specified reasons; and that the effect of the diversion of such water funds was to avoid an increase of the ad valorem tax rate on property within the limits of the city, and was in effect an indirect tax upon the nonresident users of water. In 1954, the city adopted an ordinance providing for financing the construction of a sewerage-disposal-treatment plant and the payment therefor through the issuance of water and sewerage revenue bonds, and approved a revised schedule of proposed water-rate increases as means for providing the necessary additional revenue for liquidating the revenue bonds. Under that ordinance, water users inside the city using 400 to 12,000 cubic feet of water were required to pay 24¢ per hundred cubic feet, and the same

class of users outside the city were required to pay 45¢ per hundred cubic feet. Under a graduated scale as to use, users inside the city using the next 12,000 cubic feet were required to pay 22.5¢ per hundred cubic feet, and those outside the city of the same class paid 24¢ per hundred cubic feet. The rates to users of the larger amounts were increased in approximately the same ratio. The minimum charge for users of 400 cubic feet or less within the city was fixed at $1, and such minimum charge for users outside the city was fixed at $2. It was alleged that the ordinance fixing these rate increases was void and unconstitutional as being discriminatory and as violating the due-process and equal-protection clauses of the Federal and State Constitutions. The prayers were that the defendants be temporarily and permanently enjoined from: (a) enforcing the resolution and ordinance fixing the rates for water service outside the city; (b) charging consumers of water outside of the city at rates more than that charged consumers residing within the city; (c) appropriating any money from the sale of water for financing the construction of the sewerage-disposal plant, or for the construction and extension of the Macon Hospital by the use of revenue from the sale of water; and (d) paying to the city any profits or revenues from the sale of water.

■ The petition challenges the validity of several acts of the legislature amending the charter of the city of Macon (Ga. L. 1937, p. 1983; 1939, p. 1140; 1947, p. 1258; 1952, p. 2658), all of which acts authorized the Board of Water Commissioners to pay over to the city certain amounts of money to be used for the support of the Macon Hospital and for other corporate purposes. It also challenges the act of 1952 (Ga. L. 1952, p. 518), which was a resolution submitting to the voters of the State an amendment to art. 7, sec. 7, par. 5 of the Constitution of 1945, authorizing the city to issue interest-bearing revenue-anticipation certificates for the purpose of providing funds for the construction, operation, etc., of the Macon Hospital, and to pledge the sum of $140,000 per annum to be derived from the water receipts for the support of the hospital. This amendment, though ratified by the voters residing within the city of Macon as well as by a majority of the voters who voted residing in Bibb County outside the city, is alleged to be invalid because the resolution sub-

mitting the amendment did not provide that the same should receive the vote of a majority of the electors residing in Bibb County outside the City of Macon.

The petitioners are not in any position to assert the invalidity of these acts. It is no concern of theirs what the City of Macon does with the profits arising from the sale of water. The amounts that the plaintiffs and other nonresident users pay to the city for water supplied by it do not constitute taxes on their part. (*Alford* v. *City of Eatonton*, 174 *Ga.* 169 (2) (162 S. E. 495); *Collier* v. *City of Atlanta*, 178 *Ga.* 575 (1 a) (173 S. E. 853). Therefore, they do not occupy the status of taxpayers of the city, and, having no interest in the revenues derived from the sale of water, are not affected when the city uses its surplus funds for other purposes than operating its water department. The allegations in the petition are entirely insufficient to show that the petitioners will suffer injury to their personal or property rights by reason of the payment by the city of revenues derived from the sale of water for the support of the hospital or the erection of the sewerage-disposal plant. Equity will not entertain a petition to enjoin the enforcement of an alleged unconstitutional law "where the complainant does not show that such enforcement is attempted against his personal or property rights." *Plumb* v. *Christie*, 103 *Ga.* 686 (2) (30 S. E. 759, 42 L. R. A. 181). See also *Stegall* v. *Southwest Ga. Regional Housing Authority*, 197 *Ga.* 571 (30 S. E. 2d 196); *Wallace* v. *City of Atlanta*, 200 *Ga.* 749 (38 S. E. 2d 596). The petitioners not being in position to attack these various acts of the legislature, it is unnecessary for us to pass upon their validity.

■ It is asserted that the increased water rates under the ordinance adopted in 1954, whereby the rates on nonresident users were increased by 38% and the rates on residents of the city were increased only 9%, were invalid, because the ordinance violates the due-process and equal-protection clauses of the State and Federal Constitutions (Code, Ann., §§ 2-102, 2-103), in that it unreasonably discriminates against the petitioners and amounts to the taking of their property without due process of law, and further violates the rights, privileges, and immunities provided by the Georgia Constitution by art. 1, sec. 1, par. 25 (Code, Ann., § 2-125), as well as art. 7, sec. 7, par. 5 of that Constitution

(Code, Ann., § 2-6005), because a majority of the registered voters in the City of Macon have not been allowed or permitted to vote on the issuance of said revenue certificates; and that said ordinance violates the uniformity-of-taxation clause of the State Constitution, art. 7, sec. 1, par. 3 (Code, Ann., § 2-5403).

The prices fixed by the City of Macon for its water affect no citizens except those who desire to purchase the same from the city, and the city may operate its waterworks for such profit as may, in the judgment of its authorities, be right and proper in its municipal affairs. Those who do not wish to use the water of the city have the right to cease buying it from the city. *Alford v. City of Eatonton,* 174 *Ga.* 169 (supra). Under the charter of the City of Macon (Ga. L. 1927, p. 1283), the city has authority to own and operate its waterworks system to supply water "for all purposes to all persons resident therein and the several suburbs thereof." Sec. 100, p. 1340. The complete and exclusive management, control, and operation of the waterworks system is placed under a Board of Water Commissioners, who have authority to fix from time to time rates charged for water, with the right to classify the rates, and with authority to furnish water to persons residing beyond the corporate limits of the city, and to fix the rates to be charged for such water service. The fact that the rates prescribed for outside users are higher than those fixed for users within the city does not render the rates charged such outside users objectionable as offending the due-process and equal-protection clauses of the Federal and State Constitutions. *Collier v. City of Atlanta,* 178 *Ga.* 575 (supra), (1 d). In this latter case it was held that the fact that the rates fixed for outside users included a 25% increase over former rates did not render the rates objectionable as offending the due-process and equal-protection clauses of said Constitutions, nor as creating an illegal discrimination. In *Barr v. City Council of Augusta,* 206 *Ga.* 756 (58 S. E. 2d 825), where the City of Augusta by ordinance required users of water outside the city limits to pay double the city water rate, such ordinance was held to be valid as against the attack that such rates were unreasonable and discriminatory. There are no allegations in the instant petition that the rate increase will produce an income to the City of Macon that is wholly unwarranted by the capital in-

vestment involved, nor that such rates are arbitrarily fixed at an unreasonable rate without any factual basis. Nor are there any allegations which show fraud, waste, or mismanagement on the part of the city in the operation of its waterworks system. The contention that the city and its Waterworks Board have no authority to obligate its receipt from the sale of water to payment of revenue certificates for the construction of a sewerage disposal plant is answered by reason of the fact that the city was authorized to do so by art. 7, sec. 6, par. 5 of the State Constitution, supra, as well as by the Revenue Certificate Law of 1937 (Code, Ann. Supp., § 87-801 et seq.). And see *Reed* v. *City of Smyrna,* 201 *Ga.* 228 (39 S. E. 2d 668), where the contentions of the plaintiffs in this regard were held to be without substance.

There was no error in sustaining the general demurrers to the petition and dismissing the same.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., absent on account of illness.*