19062. CITY OF MOULTRIE *et al.* v. BURGESS *et al.*

CANDLER, Justice. This litigation was brought against the City of Moultrie and its governing authorities by several persons who reside outside of the defendant city's corporate limits. So far as it need be stated, the petition as amended alleges that the plaintiffs purchase water from the defendant city; that other persons who are likewise nonresidents of the city, but who live in an area different from the one in which the plaintiffs reside, purchase water and electricity from it; that those who purchase both water and electricity from the city are charged a much lower rate for water than the plaintiffs, who purchase water only; that the defend-

ant city's ordinances, which provide for such discrimination between its aforesaid water customers, are unjust, unreasonable, arbitrary, and violative of the Fourteenth Amendment to the Constitution of the United States and the equal-protection clause of Georgia's Constitution of 1945; that the defendant city's annual profit from its water system as a whole is approximately $75,000, which is more than a fair and reasonable return on the amount of $500,000 or less it has invested therein; that the proposed minimum charge of $5 to the plaintiffs for water is excessive; and that the defendant city in the operation of its water system outside its corporate limits, as a public utility, is not entitled to make any greater charge for its water service than is fair, just, and reasonable. The prayers are for process and rule nisi; that the ordinances of the defendant city which provide for such discriminating charges for water be declared unconstitutional and void; that the defendants be enjoined from enforcing the ordinance which fixes the plaintiffs' water rate, and also from cutting off their water when the charge made therefor is not paid by the plaintiffs. Both general and special demurrers were interposed to the amended petition. The sufficiency of the petition to state a cause of action for the relief sought is raised by the general demurrer. At an interlocutory hearing, the judge by one order overruled the defendants' general demurrer to the amended petition and granted a temporary injunction, but no ruling was made on the several grounds of special demurrer. The defendants excepted. *Held:*

1. "A municipal corporation does not become in any sense a public utility by reason of the fact that it is empowered to operate and does operate an electric-light and water plant." *Ga. Public Service Com.* v. *City of Albany,* 180 *Ga.* 355 (2) (179 S. E. 369). And this is so where the municipality has legislative authority to operate such plants both within and without its corporate limits and to fix the rates to be charged for such service. The distinguishing characteristic of a public utility is the devotion of private property by the owner to such a use that the public generally, or at least that part of the public which has been served and has accepted the service, has the right to demand that such service, so long as it is continued, shall be conducted with reasonable efficiency and under proper charges. When private property is thus devoted to the public use, certain reciprocal rights and duties are raised by implication of law as between the utility and the persons whom it serves, and no contract is necessary to give rise to them. Inasmuch, therefore, as one who devotes his property to a use in which the public has an interest in effect grants to the public an interest in the use thereof, he must submit to being controlled by the public for the common good to the extent of the interest thus created and so long as such use is continued. *Munn* v. *Illinois,* 94 U. S. 113 (24 L. ed. 77).

2. Being nonresidents of the defendant city, the plaintiffs will not be heard to complain about the annual profit which the city is making on the investment it has in its light and waterworks system. No personal or property right of theirs is affected thereby, and until some act has been done to the injury of the person or persons bringing the suit, no right of action exists. *Standard Cigar Co.* v. *Doyal,* 175 *Ga.* 857 (166 S. E. 434). See also *Wallace* v. *City of Atlanta,* 200 *Ga.* 749 (38 S. E. 2d 596), and *Messenheimer* v. *Windt,* 211 *Ga.* 575 (87 S. E. 2d 402), and citations.

3. The power of the City of Moultrie to extend its water system beyond its corporate limits and to serve customers outside of the city was originally granted by the legislature in 1931 (Ga. L. 1931, p. 908). Such power was preserved in the charter granted the city in 1937 (Ga. L. 1937, p. 1990), and also in the city's new charter of 1943 (Ga. L. 1943, p. 1458). By section 36 of the city's charter of 1943 its council has the right and power to regulate the charges that may be made for electric and water services. While the defendant city has power to extend its electric lines and water mains beyond its corporate limits and furnish nonresidents with electricity and water, it is not required to do so. This being true, nonresidents of the city have no legal right to demand such service. In *Barr* v. *City Council of Augusta*, 206 *Ga.* 753 (58 S. E. 2d 823), it was held: "A municipal corporation may not compel any person outside its territorial limits to accept water service which it undertakes to furnish, nor may the municipal authorities be compelled to render such service. A municipal corporation may classify rates to be charged in outlying territories, and upon failure of customers to pay such charges, the municipal corporation may discontinue its service." See, in this connection, *Collier* v. *City of Atlanta*, 178 *Ga.* 575 (173 S. E. 853); *Messenheimer* v. *Windt*, supra. In City of Phoenix *v.* Kasun, 54 Ariz. 470 (97 Pac. 2d 210, 127 A. L. R. 84), which quotes at length from *Collier* v. *Atlanta*, supra, and which deals with water customers of the city residing outside of its corporate limits, it was said that the courts may determine whether or not the terms, including rates, on which one obtains service from a city are reasonable if the service is based upon a legal right, regardless of contract; but if his right to receive service is based solely on a voluntary contract with the city, that contract is subject to review by the courts only in the same manner as any other private contract, and it is not for them to determine whether its provisions are arbitrary, unreasonable, or discriminatory.

4. In this case and respecting those customers who reside outside its corporate limits, the defendant city has fixed one rate to those who purchase water only, and another and lower rate for water to those who purchase both water and electricity from it. However, it is under no legal duty to supply such service to either group. The plaintiffs, having no right to demand water service from the city, may purchase it at the city's charge therefor, or they may decline to do so, at their will, but they are in no position which authorizes them to complain of an excessive charge or a discriminating rate. Hence, there is no merit in the contention that the city's ordinances which fix different water rates for those who reside outside its corporate limits offend the Fourteenth Amendment to the Federal Constitution or the equal-protection clause of Georgia's Constitution of 1945.

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED SEPTEMBER 12, 1955—DECIDED OCTOBER 13, 1955—
REHEARING DENIED NOVEMBER 16, 1955.

*Whelchel & Whelchel, Hoyt H. Whelchel*, for plaintiffs in error.
*Moore, Gibson, DeLoache & Gardner, R. Lamar Moore*, contra.