A08A1591. IN THE INTEREST OF D. B., a child.
(669 SE2d 480)

JOHNSON, Presiding Judge.

The juvenile court adjudicated D. B. delinquent after finding that he had disrupted a public school in violation of OCGA § 20-2-1181. D. B. appeals, arguing that OCGA § 20-2-1181 is unconstitutionally vague. For reasons that follow, we affirm.

OCGA § 20-2-1181 provides, in relevant part, that "[i]t shall be unlawful for any person to disrupt or interfere with the operation of any public school." D. B. questions the constitutionality of the

statute, asserting that "it sets no standards to guide those charged with enforcing the law and fails to provide adequate notice of exactly what it prohibits." We disagree.

Our Supreme Court recently considered and resolved this exact issue in *In re D. H.*[1] Like D. B., the juvenile in that case challenged OCGA § 20-2-1181 as unconstitutionally vague. The Supreme Court rejected the challenge, finding "that the phrase 'disrupt or interfere with the operation of any public school' contains words of ordinary meaning that give fair notice as to the statute's application."[2] As found by the Supreme Court, OCGA § 20-2-1181 is not void for vagueness, and D. B.'s constitutional challenge lacks merit.[3]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

## DECIDED NOVEMBER 10, 2008.

*Tina E. Maddox*, for appellant.
*Louie C. Fraser, District Attorney, Terry F. Holland, Assistant District Attorney*, for appellee.

---

[1] 283 Ga. 556 (663 SE2d 139) (2008).

[2] (Footnote omitted.) Id. at 557 (2).

[3] See id.; see also *Zepp v. Mayor & Council of the City of Athens*, 255 Ga. 449, 451 (2) (339 SE2d 576) (1986) ("Where a law has been held to be constitutional as against the same attack being made, the case requires merely an application of unquestioned and unambiguous constitutional provisions and jurisdiction of the appeal is in the Court of Appeals.") (citation omitted).