### 16606. LUNDY *v.* TUCKER.

STEPHENS, J. 1. The identity of a person making an extrajudicial statement need not be established by the testimony of the witness who establishes the existence of the statement. It may be established by circumstantial evidence or by the testimony of other witnesses.

2. Where, in a suit to recover for the alleged purchase-price of a horse, the issue was whether the horse was sold to the defendant or was held by her merely as a bailee of the plaintiff, the testimony of a witness that he (the witness) was present on a certain occasion, and there heard a woman, whom he could not identify, but who was in charge of a horse, state that she had bought the horse a few days prior to that occasion, was relevant as cumulative evidence tending to establish an extrajudicial admission made by the defendant to the effect that the horse which was the subject-matter of the suit had been bought by her from the plaintiff, there being evidence by another witness to the effect that on the particular occasion described the woman in charge of the horse was the defendant, and that the particular horse was the subject-matter of the suit.

3. The evidence being conflicting as to whether the defendant had bought the horse or held it merely as a bailee, under a loan from the plaintiff, and a verdict having been found for the defendant, it was error prejudicial to the plaintiff to exclude from the jury the evidence of the witness first referred to.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED DECEMBER 21, 1925.

Appeal; from Bibb superior court—Judge Malcolm D. Jones. May 22, 1925.

Will Lundy sued Viney Tucker in a justice's court for an alleged balance due on the purchase-price of a horse. On appeal a jury in the superior court rendered a verdict for the defendant.

On the trial Simmons, a witness for the plaintiff, testified: "I was present one day last summer and saw the horse Viney Tucker got from Will Lundy lying on the side of the road near the Log-Cabin Club. Viney had been driving the horse that day; it appeared to have been driven too hard in the very hot weather, and had fallen down from overheat. When I got there they had poured cold water over the horse and were trying to revive it, but it died

46

there, and at that time I heard Viney Tucker make the statement that she had just shortly before this bought the horse then lying on the roadside. I am the stepfather of Will Lundy, the plaintiff in this case."

Brown, a witness for the plaintiff, testified: "One day last summer, late in the evening, about dark or nearly dark, I noticed a horse had fallen down in the road near my home. I went out to where the horse was lying. Several negroes had gathered about the horse. The horse seemed to be struggling for breath, and I advised them to lift the horse up on the bank near the roadside, so it could get some fresh air; and this was done. The horse appeared to have been overdriven and was overheated. I heard the woman there make the statement—I do not know whether it was this woman (pointing to Viney Tucker, the defendant), I did not know the woman, and besides I could not see very well at the time, as it was getting somewhat dark."

Simmons, being recalled, testified: "As I have already testified, I was present last summer just after the horse Prince, which Viney Tucker got from Will Lundy, fell down on the road from overheat, from which it later died. The point in the road where the horse fell was just in front of the home of Mr. Charles T. Brown, and while the horse was lying there, struggling for breath and dying, Mr. Charles T. Brown came from his house to where the horse was lying, and I heard Viney Tucker make the statement, in the presence of Mr. Brown, as follows: 'I just bought this horse a few days ago.'"

The court refused to allow the plaintiff to prove by Brown that on the occasion as to which the witness had testified, the woman who had charge of the horse said: "I just bought this horse a few days ago." This is complained of in the plaintiff's motion for a new trial, which was overruled.

*J. P. Burnett,* for plaintiff.

*Hubert F. Rawls,* for defendant.