19913. LINER *v.* CITY OF ROSSVILLE *et al.*

Submitted November 12, 1957—Decided January 10, 1958.

*G. W. Langford, A. W. Cain, Jr.,* for plaintiff in error.

*Paul W. Painter, Earl B. Self, Solicitor-General,* contra.

DUCKWORTH, Chief Justice. We find no necessity to deal here with the matter of trying to distinguish between governmental functions and proprietary functions of a municipal government. Hence we pass by as utterly immaterial here any references to such a distinction that might have been made in *Aven* v. *Steiner*

*Cancer Hospital,* 189 *Ga.* 126 (5 S. E. 2d 356); *Lawson* v. *City of Moultrie,* 194 *Ga.* 699 (22 S. E. 2d 592); *Reed* v. *City of Smyrna,* 201 *Ga.* 228 (39 S. E. 2d 668). In this case we need only to determine if the amended city charter empowers the City of Rossville to do what is undertaken, and if the charter provision is valid as against the constitutional attack that it denies due process as required by both the State and Federal Constitutions (Code § 1-815; Code, Ann., § 2-103). This court squarely held in *Reed* v. *City of Smyrna,* 201 *Ga.* 228, supra, that the Constitution expressly provides that the waterworks systems and sewer systems may be combined in the manner there undertaken by the City of Smyrna in accord with a charter amendment that authorized it. The undertaking here is in similar fashion and pursuant to a similar charter amendment, with the exception that here both the charter and the proposed contracts authorize the party with whom the city seeks to contract for water and sewer service to cut off the water of the user if he fails to pay his water or sewer bill, irrespective of how incorrect the bill might be, without affording an opportunity to the user to be heard as to his cause for nonpayment.

Counsel for the city cite Patterson *v.* City of Chattanooga, 192 Tenn. 267 (241 S. W. 2d 291), where a similar provision for cutting off water for nonpayment of sewer charges was upheld against an attack that the contract was a denial of due process. But counsel for the intervenor cite *Dodd* v. *City of Atlanta,* 154 *Ga.* 33, 39 (113 S. E. 166, 28 A. L. R. 465), where this court said: "But there is one exception to this general rule which authorizes the city to shut off the water supply for failure of the consumer to pay such charges; and that exception is, that the water supply should not be shut off in case the consumer disputes, in good faith, either the amount due or his liability therefor." But it was further said, at page 36, that, "even in the absence of legislative authority, the general rule is that those furnishing the public with its water supply, either in a private or municipal capacity, may adopt, as a reasonable regulation for conducting said business, a rule providing that the water so furnished may be cut off for nonpayment therefor; and in pursuance of such regulation the water supply may be discontinued on the failure of the consumer to pay the water rates." And

again, at page 37, it is said, " A municipality operating water-works may avail itself of this principle [*where one party fails to perform a continuing contract the other may treat it at end*], and may reasonably require payment of its water rates in advance or at stated intervals, and may, except in exceptional cases, enforce the requirement by cutting off the supply of water for nonpayment of the water rates by the consumer." A fair summation of the foregoing quoted rulings is that in Georgia it is entirely constitutional to provide for cutting off water for failure to pay at stated times the rates therefor, provided only that a consumer can not be deprived of an opportunity to, in good faith, present any reason why he ought not to be required to pay and have his claim adjudicated, providing he insures the city or other party furnishing water against loss. What was there ruled applies equally to charges for sewer services.

So we must take a look at the contract provisions here involved. It provides that "The company agrees to discontinue water service to those sewer users whose service accounts remain unpaid sixty (60) days after the due date, and the company further agrees not to re-establish water service through the turning on of such water until such time as all sewer service charges have been paid." This excerpt from the contract shows that the cut-off complained about will not be abrupt; will not surprise the consumer, endanger his property, or inconvenience him for a period of sixty days after his failure to perform his duty by paying his debts. If during the sixty-day period he is unable to reach an amicable adjustment of any complaint, and his position is correct, he can resort to the courts to protect himself.

The foregoing rulings control our judgment, and we need not deal with other matters discussed by counsel, such as rulings by the courts of other States and whether or not the charter of Rossville, without the amendment, is sufficient to authorize what is being done.

*Judgment affirmed. All the Justices concur.*