40295. ROGERS v. RANEW.

Decided October 1, 1963.

*H. B. Williams, Charles Burgamy,* for plaintiff in error.

*Smith & Undercofler, William E. Smith,* contra.

JORDAN, Judge. "Before an owner can be held liable for the slippery condition of his floors, produced by the presence of a foreign substance thereon, it is necessary that the proof should show that he was aware of the substance or would have known of its presence had he exercised reasonable care." *Conaway v. McCrory Stores Corp.,* 82 Ga. App. 97, 101, supra.

The evidence adduced in behalf of the plaintiff in this regard disclosed nothing more than the fact that she slipped and fell on the edge of the front porch of the defendant's home as she was departing the premises after making a business appointment with the defendant, that she felt something slippery underfoot as she slipped and fell, but that she had seen nothing visible on the floor of the porch although the light was good and she was looking where she was walking. There was no evidence which disclosed, or from which the jury could infer, what the alleged substance was, how it had gotten on the floor, or how long it had been there. The plaintiff had used the same porch and steps while leaving the house some four hours earlier and did not see any substance on the floor or steps at that time.

Under these circumstances, the evidence was wholly insufficient to show, either directly or by inference, that the defendant was aware of the alleged substance on the floor of the porch or that she could have known of the same by the exercise of ordinary care, *Cook v. Kroger Baking &c. Co.,* 65 Ga. App. 141 (15 SE2d 531), and the trial court did not err in granting a nonsuit in this case. *Brown v. S. H. Kress Co.,* 66 Ga. App. 242 (17 SE2d 758).

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*