### 41951. COLLINS v. S. H. KRESS & COMPANY.

FRANKUM, Judge. 1. The trial court did not err in excluding, as an admission of the defendant, evidence of an alleged statement made by some unidentified person within about five minutes after the plaintiff had slipped and fallen in the defendant's store to the effect that "I told you ten minutes ago to get that stuff up, that somebody was going to break their neck." There was no evidence as to the identity of the person who made the statement, nor was there any evidence connecting the statement with the particular occurrence for which the plaintiff sued, and it was wholly insufficient to charge the defendant with an admission of knowledge of the presence of any foreign substance on the floor, in the absence of some

evidence showing affirmatively that such statement was in fact made by an agent of the defendant, and that it was in fact made in reference to the plaintiff's fall. Before an extrajudicial admission of an agent may be admitted in evidence against the defendant, it must be shown that such statement amounting to an admission was made in connection with the particular transaction in question, and though it is not essential that the identity of the person making the statement be shown, it is essential that facts and circumstances connecting the person making the statement with the defendant in some reasonable degree be adduced. See in this connection, *Lundy v. Tucker*, 34 Ga. App. 721 (130 SE 924), and *Brooks v. Sessoms*, 47 Ga. App. 554 (171 SE 222).

2. The negligence charged against the defendant in this case was in allowing some foreign slippery substance to be and remain on the floor of the aisle of the defendant's store and in failing to warn petitioner of the presence of such slippery substance. There was no evidence that there was anything at all on the floor to cause the plaintiff to slip and fall, unless this could be inferred from the fact that the plaintiff slipped and fell. The only testimony by the plaintiff's witnesses respecting the presence of the alleged slippery substance on the floor was that they did not see it or feel it. On the contrary, at least one of the defendant's witnesses positively testified that he examined the floor where the plaintiff fell immediately after she fell and that there was no foreign substance there. The plaintiff's evidence respecting the presence of a foreign substance on the floor was, at most, merely circumstantial (see *Rogers v. Ranew*, 108 Ga. App. 406 (133 SE2d 410), a case strikingly similar on its facts), and was as consistent with the hypothesis that whatever caused the plaintiff to fall was some substance which had adhered to one or both of her shoes before she entered the defendant's store, as that it was present before she entered. It was thus insufficient to support a verdict for the plaintiff. *Federal Reserve Bank of Atlanta v. Haynie*, 46 Ga. App. 522 (1) (168 SE 112); *Ocean Acc. &c. Corp. v. Bates*, 104 Ga. App. 621, 623 (122 SE2d 305). Furthermore, the plaintiff's case being dependent upon a showing that there was in fact some slippery substance on the floor and that the plaintiff in fact slipped on it, such circumstantial evidence was insufficient to authorize a recovery as against the positive uncontradicted testimony of an unimpeached witness that

there was nothing on the floor. *Neill v. Hill*, 32 Ga. App. 381 (2b) (123 SE 30). The evidence was insufficient to authorize a recovery by the plaintiff on either count, and the trial court did not err in entering a judgment of nonsuit as to count 1 and in dismissing count 2. The plaintiff cannot complain that a more lenient disposition than might have been was made of the case. *Cook v. Attapulgus Clay Co.*, 52 App. 610 (1) (184 SE 334).

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

ARGUED APRIL 6, 1966—DECIDED JUNE 17, 1966—
ADHERED TO ON MOTION FOR REHEARING JULY 22, 1966—

*Andrew J. Ryan, III, James E. Yates, III, Pierce, Ranitz & Lee,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for appellee.