### 51332. MOTE v. TOMLIN.

Deen, Presiding Judge.

Tomlin, a guest passenger in a car driven by Mote, was injured when the vehicle ran off the road and into a culvert. The defendant appeals from a verdict for the plaintiff in the ensuing personal injury action.

1. When requests for admission are made, the matter is deemed admitted unless denied by written answer within 30 days. "Any matter admitted under this section is conclusively established unless the court, on motion, permits withdrawal or amendment of the

admission . . . the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." Code § 81A-136 (b). It follows that where the defendant requested admission of a handwritten statement signed by the plaintiff in which the plaintiff exonerated the defendant by stating that he had swerved to the right to avoid an oncoming car, an answer filed more than 30 days thereafter, admitting the statement had been given but denying its truth, was properly stricken, and the plaintiff could not thereafter "withdraw the admission" except by convincing the judge (a) that the merits of the case would be subserved, and (b) the defendant's defense on the merits would not be prejudiced.

Both these conditions were met. Prior to the request for admissions above referred to the defendant's attorney in an excess of zeal had made requests for admission of the facts set out in the plaintiff's out of court statement, and the plaintiff had already replied that he was incorrect in stating that Mote swerved because of an oncoming vehicle. Thus, at best, the defendant had two contradictory answers which canceled each other out. The objection was raised by the defendant's attorney after the defendant admitted on cross examination that he had gone to sleep at the wheel, that the plaintiff could not use the defendant's testimony to contradict the plaintiff's admission.

"The clear intent of this section was to give the trial court discretion to permit parties to respond accurately and truthfully to requests with a view toward establishing uncontested facts that go to the merits of the case." *A & D Barrel &c. Co. v. Fuqua,* 132 Ga. App. 827, 832 (209 SE2d 272). The court allowed all testimony and all requests for admission to go before the jury. To say this was an abuse of discretion would mean establishing as a matter of law a "fact" repudiated as untrue by both parties to the litigation, and make a sham of the legal procedure. Further, the defendant's counsel had prior knowledge that his client admitted to having fallen asleep at the

wheel; he must have prepared for the eventuality of the admission. The defense was not prejudiced, and rulings were not error.

2. Exceptions were made to the instructions regarding compensation for lost past and future earnings on the ground that there was insufficient evidence to prove such loss. The plaintiff was injured December 10, 1972. He was a carpenter and contractor. His earnings prior to injury had been close to $10,000 and $12,000 for the years 1971 and 1972; thereafter, he earned nothing except a small amount on a contract completed by his brother. There was medical testimony as to his injuries and permanent disability. His age was 38 years. The evidence was sufficient to warrant the instructions given. *Jones v. Hutchins,* 101 Ga. App. 141 (113 SE2d 475); *Kroger Co. v. Perpall,* 105 Ga. App. 682, 685 (125 SE2d 511). This case differs from *Hunt v. Williams,* 104 Ga. App. 442 (122 SE2d 149), in that in the cited case the plaintiff had never worked for wages and offered no criteria from which lost future earnings could be deduced. In such cases, diminished capacity to work or labor is recoverable only as an element of pain and suffering. In the present case the plaintiff, most of whose income was derived from his activities as an independent contractor, offered facts from which the reduction of income could be estimated. These instructions were proper.

3. Objection was made to the instructions on pain and suffering, as well as to loss of future earnings, on the ground that, the evidence having shown that the plaintiff sustained a subsequent injury in a wreck occurring in 1974, the jury was not specifically reminded that they could not recover in this case for losses attributable to the later injury. No request for such instructions was made. The instructions given were legally correct. The court did charge: "The plaintiff in this case under no circumstances can recover damages against the defendant, unless the defendant and operator of the motor vehicle was guilty of what is known as gross negligence, and if guilty of gross negligence that must be the proximate cause of the injury sustained by the plaintiff. . . By proximate cause is meant the efficient producing cause. . . a natural and continuing sequence unbroken by any new cause producing an event

and without which the event would not have occurred . . . If under the evidence you find that . . . his injury was proximately caused by the gross negligence of the defendant, then the form of your verdict would be" etc. The jury was alerted to the fact that they were to consider only injury of which the defendant's gross negligence was found to be the proximate cause. "In the absence of request, the trial judge was not bound to point out and exclude specific matter which the jury might not consider in the ascertainment of damages. See *Powell v. Augusta & S. R. Co.,* 77 Ga. 192, 201 (12) (3 SE 757); *Henson v. Taylor & McCain,* 108 Ga. 567, 570 (5) (33 SE 911). If the defendant desired more specific instructions on the subject of damages, she should have submitted a written request." *Saxon v. Toland,* 114 Ga. App. 805 (1) (152 SE2d 702).

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED SEPTEMBER 30, 1975 — DECIDED OCTOBER 23, 1975 —
REHEARING DENIED NOVEMBER 18, 1975.

*McClure, Ramsay, Struble & Dickerson, Robert B. Struble,* for appellant.
*Maylon London,* for appellee.