## 37009. SWIEDLER v. FULTON COUNTY.

UNDERCOFLER, Justice.

Judgment was entered for the defendant Fulton County. The plaintiff Edward B. Swiedler appealed. We affirm.

Swiedler is the owner and developer of Land Lots 356 and 357 of the 6th District of Fulton County, formerly agricultural land now rezoned for the development of a residential subdivision containing homes selling in the $200,000 to $700,000 price range. Before rezoning, Swiedler conveyed to the county an easement upon which the county constructed the Ball Mill Creek Interceptor Sewer. Swiedler contended that the county, first through its right-of-way agent and later by commission action, agreed that Swiedler would not be charged for sewerage improvements, but the trial court found as a fact that no such agreement existed. The court further found that Swiedler's agent, Searles, agreed in behalf of Swiedler, in connection with the application for rezoning, to pay the county prior to issuance of individual building permits appropriate sums for the portion of the Ball Mill Creek Interceptor Sewer running through Swiedler's property, plus appropriate sewer connection fees.

The trial court found as facts that the county does not charge property owners an assessment on interceptor sewers and did not assess Swiedler for any portion of the cost of the Ball Mill Creek Interceptor Sewer.[1] Rather, the $25,440 that the county sought to charge Swiedler was based on a standard, uniformly applied $12 per foot charge provided for in the county's public works procedures manual.[2] The manual requires payment from a developer only if (as in Swiedler's instance) the developer seeks to utilize the interceptor sewer. Otherwise, the developer pays nothing for the interceptor though it, or a part of it, goes through his property.[3]

---

[1] Assessments are charged for service sewers.

[2] The interceptor line passed 2120 linear feet through Swiedler's land. Twelve dollars per linear foot x 2120 linear feet = $25,440.

[3] The $12 per linear foot charged for that portion of the interceptor passing through Swiedler's property was considerably less than the $46 per linear foot county cost of the sewer.

The Board of Commissioners of Fulton County had not adopted the public works procedures manual, but the trial court held that Fulton County had authority to cause developers to pay for interceptor sewers in the manner provided for in the manual, as well as by assessment, and that the commissioners had not improperly delegated these matters to the Fulton County Public Works Department and its Director.

The court held that the method of financing adopted by Fulton County was fair and reasonable because it cast the costs upon those who will profit from or enjoy the benefits of the interceptor sewer. The court found no fifth or fourteenth amendment violation resulting from the existence or application of these policies. Judgment was entered for the county and costs were taxed upon Swiedler.

1. Although the county could have assessed for the interceptor sewer improvement[4] it was not required to fund the project only by assessment and could, instead, adopt a policy of contracting with landowners or developers who will profit and benefit from their utilization of the sewer for the payment by them of fixed sums per linear foot of interceptor sewer passing through their respective lands. *Liner v. City of Rossville,* 213 Ga. 756 (101 SE2d 753) (1958); *Dodd v. City of Atlanta,* 154 Ga. 33 (113 SE 166) (1922). The county's policy of placing the costs of interceptor sewers upon those persons who profit and benefit from their use is not unreasonable or improper. Citations of authority pertaining to the existence, or the manner of the exercise of, a power of taxation are inapposite. The county did not assess or tax for the cost of the interceptor sewer.

2. The General Assembly authorized the Fulton County Commission to create the Fulton County Sewer Department, now the Department of Public Works, and to "grant unto the department or head of the department or such other authorized person full and complete authority or such authority as the said commissioners may deem proper in carrying out the terms of this Act and in carrying out the terms of such contracts as may be in existence in Fulton County in regard to sewers." Ga. L. 1939, p. 579, et seq. The commission in turn authorized the Director of Public Works to develop a formula to provide, inter alia, for the sharing of the costs of interceptor sewer facilities. Fulton County Subdivision Regulations § 8.1.6. The formulation and enforcement of rules and regulations for the operation of the sewer system properly were delegated to the Director

---

[4] Ga. L. 1929, p. 621; Ga. L. 1939, p. 579; Ga. L. 1949, p. 1423.

of Public Works. *Dodd v. City of Atlanta,* supra; *Mayor &c. of Washington v. Faver,* 155 Ga. 680 (117 SE 653) (1923).

3. Swiedler has no standing to attack the constitutionality of the various alternative methods of assessment provided for in Ga. L. 1929, p. 621, as amended by Ga. L. 1939, p. 579 and Ga. L. 1949, p. 1423, because the parties to this action stipulated, and the trial court found as a fact, that Swiedler was not assessed for any portion of the costs of the interceptor sewer. *State v. Raybon,* 242 Ga. 858, 862 (252 SE2d 417) (1979); Cf., *Dorsey v. City of Atlanta,* 216 Ga. 778 (119 SE2d 553) (1961).

4. The county may enforce the regulations and agreement for the payment of the $12 per linear foot sewer fee by the summary procedure of refusing to authorize a sewer connection and a building permit until the sum due is paid; also, an aggrieved person's right to due process is satisfied by his bringing an action against the county seeking to preclude application of the payments policy. *Liner v. City of Rossville,* supra; *Dodd v. City of Atlanta,* supra.

5. Swiedler's contentions regarding lack of uniformity in the enforcement of the county's policies requiring payment of the $12 per linear foot sewer fee are not shown by the record and transcript. The county only charges the fee if a developer chooses to connect to the interceptor sewer line and not otherwise. If more than one interceptor line traverses a developer's property, he is charged only in relation to the line to which he connects. The proof is not of indiscriminate or discriminatory treatment of developers; rather, it is of enforcement of the county's lawful policy that a developer only helps to pay for interceptor sewers to which he connects.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1981.

Katz, Paller & Land, C. Roger Land, Janet F. Perlman, for appellant.

*Webb, Young, Daniel & Murphy, Paul Webb,* for appellee.

