### A91A0745. SARANTIS v. KROGER COMPANY et al.
(411 SE2d 758)

BIRDSONG, Presiding Judge.

Theodore Sarantis appeals from the grant of summary judgment to The Kroger Company and Jim Strong & Associates, Inc. ("Strong") on his claims against them for injuries he allegedly received after a floor cleaning machine, owned and operated by Strong, backfired while Sarantis was shopping in a Kroger store. Sarantis alleges that he was so scared by the loud noise that it affected his heart permanently.

Kroger's motion for summary judgment contended it was not liable because Strong was an independent contractor and because Kroger was not negligent since it had no knowledge the machine would backfire. Strong's motion contended it also was not negligent because the machine was maintained and operated properly and the machine had never backfired before and it had no reason to know the machine would backfire.

Sarantis' response to the motions for summary judgment asserted that the defendants were liable on grounds that Kroger was aware this machine would backfire because Kroger employees told him they would pay for his medical expenses and another employee told him the machine had backfired before. *Held*:

Pretermitting Kroger's independent contractor argument, it is clear that the trial court did not err by granting the motion for summary judgment because neither defendant is liable to Sarantis as a matter of law. Neither Kroger nor Strong was an insurer of Sarantis' safety, and they did not become so merely because a piece of equipment backfired while he was shopping. See *Kenny v. M & M Supermarket*, 183 Ga. App. 225, 226 (358 SE2d 641). Proof that an injury may have resulted from an unusual incident in a store is not sufficient to establish liability on the part of the proprietor. *Standard Oil Co. v. Harris*, 120 Ga. App. 768 (172 SE2d 344). Although expressed in the context of a slip and fall case, the principle restated in *Alterman Foods v. Ligon*, 246 Ga. 620, 622 (272 SE2d 327) is also applicable here: The dangerous instrumentality must have been known to the proprietor and unknown to the invitee before the invitee can recover. See also *Pound v. Augusta National*, 158 Ga. App. 166 (279 SE2d 342).

Although Sarantis attempted to rebut the defendants' defenses by stating in his affidavit that weeks after the incident a Kroger em-

ployee told him the machine had backfired before and that another employee stated Kroger would pay for his expenses; no affidavits from those employees were attached and these statements are mere hearsay which has no probative value and cannot be considered in summary judgment proceedings (*Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (397 SE2d 576)), and they do not fall under the res gestae exception to the hearsay rule. OCGA § 24-3-3. Further, the statements of the Kroger employees are not admissible under OCGA § 24-3-33. OCGA § 10-6-64; *Brooks v. Kroger Co.*, 194 Ga. App. 215, 216 (390 SE2d 280).

Accordingly, Sarantis did not respond adequately to the defendants' motion for summary judgment, and even affording him the benefits granted in our law as the respondent to a motion for summary judgment (see OCGA § 9-11-56 (c); *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 596 (370 SE2d 843)), his response was not sufficient to show the existence of a genuine issue of material fact for trial. "While the moving party on a motion for summary judgment has the burden of establishing the non-existence of any material fact and all doubts are resolved in favor of the party opposing the motion, the burden of proof can be shifted, however, when a prima facie showing is made that the moving party is entitled to judgment as a matter of law. The opposite party must come forward with rebuttal evidence at that time or suffer a judgment against him. A defendant who has cast upon a plaintiff the burden of responding with evidence to create or preserve a genuine issue of fact is entitled to prevail by summary judgment in the absence of any rebuttal evidence." (Citation and punctuation omitted.) *Balke v. Red Roof College Park Co.*, 190 Ga. App. 779, 781 (380 SE2d 61).

Therefore, the trial court did not err by granting the motion for summary judgment.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED OCTOBER 21, 1991.

*Carr, Tabb & Pope, W. Pitts Carr, Eric E. Huber*, for appellant. *S. F. Carley, Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Douglas A. Wilde*, for appellees.