## A94A1056. FOOD LION, INC. v. JOHNSON.
### (448 SE2d 59)

POPE, Chief Judge.

Defendant Food Lion, Inc. appeals from the denial of its motion for directed verdict in this slip and fall case.

The evidence adduced at trial reveals that as plaintiff walked from her car toward defendant's store, she noticed a man off to her left, approximately 15 feet from the store entrance, watering flowers. She saw "little trinklets" of water on the sidewalk but no standing puddles or streams of water. Although she did not walk through any water, she acknowledged that parts of the sidewalk and parking lot, across which she walked, were "slightly damp." As plaintiff stepped inside the store, she slipped and fell, fracturing her ankle. Although plaintiff saw nothing on the floor, her hands became wet and dirty when she touched the floor after she fell. A store employee saw water and track marks from shopping carts in the area after plaintiff fell. There were no mats nor any caution or wet floor signs at the entrance. The trial court denied defendant's motion for directed verdict, and the jury returned a verdict in favor of plaintiff for $55,000.

A directed verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions, demands a particular verdict. *McDevitt & Street Co. v. K-C Air Conditioning Svc.,* 203 Ga. App. 640, 644 (3) (418 SE2d 87) (1992). The evidence is construed most favorably for the nonmovant. Id. In order to recover for a slip and fall resulting from a foreign substance, the plaintiff must show that the proprietor had actual or constructive knowledge of the foreign substance and that the plaintiff was without such knowledge. *Patterson v. First Assembly of God of Tifton,* 211 Ga. App. 718, 720 (440 SE2d 492) (1994). "She must exercise ordinary care for her own safety to avoid the effect of the proprietor's negligence after it becomes apparent to her or in the exercise of ordinary care she should have learned of it." Id.

Defendant does not contend that it did not have actual or constructive knowledge of the presence of water inside the doorway. However, it argues plaintiff was not exercising ordinary care for her own safety because she should have known the entranceway might be

wet since she saw the employee watering flowers and saw that the parking lot and sidewalk were damp. We disagree. This case is distinguishable from those in which the plaintiff is barred from recovery because she knows the particular area in which she is walking is wet, see *Bowman v. Richardson*, 176 Ga. App. 864 (338 SE2d 297) (1985), or enters a building when it is raining and should reasonably expect the inside of the door to be wet, see *Gibson v. Consolidated Credit Corp.*, 110 Ga. App. 170, 177 (138 SE2d 77) (1964). Here, plaintiff testified that she did not walk through any water on her way into the store and did not know that water had accumulated inside the store entrance. We cannot say plaintiff should have necessarily expected the entranceway to be wet simply because she saw an employee watering flowers in an area off to the side of the entrance and saw that portions of the parking lot and sidewalk were slightly damp. See *Carder v. K-Mart*, 185 Ga. App. 143 (363 SE2d 593) (1987). Because the evidence, with all its reasonable deductions, did not demand a verdict for defendant on the issue of plaintiff's failure to exercise ordinary care, the trial court did not err in denying defendant's motion for directed verdict. See *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 296-298 (387 SE2d 898) (1989).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED AUGUST 10, 1994.

*Dennis, Corry, Porter & Gray, R. Clay Porter, Frederick D. Evans III, Craig P. Siegenthaler, Thomas D. Trask*, for appellant.

*Dye, Tucker, Everitt, Wheale & Long, Benjamin H. Brewton*, for appellee.