## A97A0594. HAGAN v. GOODY'S FAMILY CLOTHING, INC.

(490 SE2d 107)

ANDREWS, Chief Judge.

Paul Hagan appeals from the grant of summary judgment to Goody's Family Clothing Store ("Goody's") on its motion for summary judgment. Hagan claims there is an issue of fact as to whether Goody's had actual knowledge of the wet area on the floor which caused his fall.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a [genuine] jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Citations and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Hagan testified he had been in the store only about a minute when he fell. Hagan did not recall seeing anything on the floor before he fell. After he fell, he glanced over and saw a wet spot on the floor, approximately 18 inches in diameter. Hagan testified there was nothing blocking his view of the substance and nothing in the aisle to prevent him from seeing it had he looked down. The reason he was not looking at the floor as he walked was because he was concentrating on finding the pants department. Hagan said there were no store employees in the area when he fell. Hagan stated that an employee came up to him after he fell and told him a child had thrown up on the floor. He said the manager came out after the fall and told someone to clean the floor. Hagan's wife, who was walking beside him when he fell, went over to see what he had slipped on. She informed him it was vomit. Hagan submitted no other evidence in response to the motion for summary judgment.

In support of its motion for summary judgment Goody's submitted the affidavit of Stacy Franklin, a sales clerk at the store who was working in the men's department at the time of Hagan's fall. Franklin stated in her affidavit that she walked back to the dressing rooms about a minute or two before Hagan's fall. Just before she walked back to the dressing room, she was looking at the aisle where Hagan fell and did not see any foreign substance on the floor. She estimated

that it was less than two minutes from the time she walked back to the dressing room until the time she heard of Hagan's fall.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980). In other words, recovery is permitted only when the dangerous condition is known to the owner or occupant of the premises and not known to the person injured. Id. at 622.

Goody's has submitted the affidavit of a clerk who stated that she looked at the aisle where Hagan fell less than two minutes before the fall and saw no foreign substance on the floor. Hagan claims this attempt to show lack of actual or constructive knowledge must fail because other employees told him a child had thrown up in the store. But, the only evidence submitted in support of this assertion is the hearsay evidence Hagan gives in his deposition.

"Evidence offered on motion for summary judgment is held to the same standards of admissibility as evidence at trial, and evidence inadmissible at trial is generally inadmissible on motion for summary judgment." (Citations and punctuation omitted.) *Hall v. Cracker Barrel &c.*, 223 Ga. App. 88, 92 (476 SE2d 789) (1996). Hearsay is never admissible and has no probative value unless it comes within a recognized exception to the rule. *Jeweler's Financial Svcs. v. Chapes, Ltd.*, 181 Ga. App. 872, 873 (354 SE2d 200) (1987).

The dissent states that this evidence can be considered on motion for summary judgment because it is admissible under the res gestae exception to the hearsay rule. "OCGA § 24-3-33 states: The admissions by an agent or attorney in fact, during the existence, and in pursuance of his agency, shall be admissible against the principal. OCGA § 10-6-64 states: The agent shall be a competent witness either for or against his principal. His interest shall go to his credit. The declarations of the agent as to the business transacted by him shall not be admissible against his principal, unless they were a part of the negotiation, and constituting the res gestae, or else the agent is dead. The Code sections must be construed together, and the second effectively limits the scope of the first." (Citations and punctuation omitted.) *Brooks v. Kroger Co.*, 194 Ga. App. 215, 216 (390 SE2d 280) (1990).

In *Johnston v. Grand Union Co.*, 189 Ga. App. 270 (375 SE2d 249) (1988), cert. denied, 189 Ga. App. 912, a case directly on point, the plaintiff claimed that a store employee came up to her immedi-

ately after she was injured by the store's automatic doors and said there was something wrong with the door and she (the employee) had said that " 'if the door wasn't fixed, someone was going to get hurt.' " Id. In affirming the trial court's decision that this evidence was not part of the res gestae, we held that "[c]ertainly the sayings of the unknown red-haired person were not part of the res gestae, since the alleged utterer is unknown, it cannot be shown that they qualify as being free from all suspicion of device or afterthought. OCGA § 24-3-3." (Punctuation omitted.) Id. at 271. Moreover, "the putting forward of some unidentified, unspecific person as an 'employee,' who allegedly made certain remarks that would bind or incriminate the employer, and as to whom there is no showing the person can be brought forth at trial or even located, or in fact exists, is not enough to raise a genuine issue of material fact controverting the defendant's positive testimony that there was no defect of which it had actual or constructive superior knowledge." (Citations omitted.) Id. at 272. See also *Taylor & Mathis, Inc. v. Doyle*, 219 Ga. App. 445 (465 SE2d 484) (1995) (physical precedent only); *Sarantis v. Kroger Co.*, 201 Ga. App. 552, 553 (411 SE2d 758) (1991); *Hall v. Rome Auto. Co.*, 181 Ga. App. 621, 622 (353 SE2d 542) (1987); *Collins v. S. H. Kress & Co.*, 114 Ga. App. 159, 160 (150 SE2d 373) (1966).

The cases cited by the dissent are distinguishable. For example, in *Quiktrip Corp. v. Childs*, 220 Ga. App. 463 (469 SE2d 763) (1996), the statement objected to was made by one of three employees on duty in the store at the time. Id. at 465. Therefore, it was not a statement made by some unknown person who could not be located, brought forward at trial, or possibly did not even exist. Further, since each case concerning the res gestae exception to the hearsay rule must be decided on its own facts and the admissibility of such testimony is left to the sound discretion of the trial judge, we cannot say that, in this instance, the trial court abused its discretion. *Allen v. State*, 174 Ga. App. 206, 207 (329 SE2d 586) (1985).

Therefore, the only competent evidence in the record as to whether or not Goody's had actual or constructive knowledge of the hazard is that of Franklin who states she saw no foreign substance on the floor less than two minutes before Hagan's fall. Thus, Goody's has pierced Hagan's pleadings on an essential element of his claim.

Accordingly, viewing all the facts and reasonable inferences from those facts in a light most favorable to Hagan, we find the evidence does not create a triable issue as to each essential element of the case. *Lau's Corp.*, supra at 495. The trial court did not err in granting Goody's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., Smith and Ruffin, JJ., concur. McMurray, P. J., Beasley and Eldridge, JJ., dissent.*

McMurray, Presiding Judge, dissenting.

I respectfully dissent from the affirmance of summary judgment in favor of defendant Goody's Family Clothing, Inc. in plaintiff Paul Hagan's tort action to recover for personal injuries received when he slipped in vomit on the floor of defendant's premises. At his deposition, plaintiff testified that, after he fell, "one of the employees[, a saleswoman,] came over and told us at this time that some kid, he came in the store with his parent and his mother had been trying on clothes and this kid had got sick and vomited in the floor and they had done exited the store. . . ." "And so they finally got the manager out and . . . they were all telling this same story about this kid had been in the store, but there was no barricades up around this vomit; there was nobody standing there telling anybody to watch their step. They knew of it, but for what reason [plaintiff did not] know, that anybody didn't clean it up."

In my view, these statements by defendant's unidentified employees in the presence of the manager investigating the incident are admissible under OCGA § 24-3-3 as part of the res gestae and indicate prior actual knowledge of the existence, location, and nature of the hazardous foreign substance in this case.

"Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." OCGA § 24-3-3. "That part of the [Code] section which admits declarations so nearly connected with [an] act as 'to be free from all suspicion of device or afterthought' in evidence is but a statement of the 'spontaneous-declaration doctrine' which is an exception to the rule against hearsay." *Glens Falls Indem. Co. v. Gottlieb*, 80 Ga. App. 634, 635 (1), 636 (1) (a) (56 SE2d 799). "The identity of a person making an extrajudicial statement need not be established by the testimony of the witness who establishes the existence of the statement. It may be established by circumstantial evidence or by the testimony of other witnesses." *Lundy v. Tucker*, 34 Ga. App. 721, hn. 1 (130 SE 924). "Hearsay statements made to an investigating officer shortly after the incident are part of the *res gestae* and are admissible at trial. *Powell v. Jackson*, 142 Ga. App. 34, 35 (234 SE2d 837) (1977); *Land v. McClure*, 135 Ga. App. 243, 244 (2) (217 SE2d 600) (1975)." *Brown v. City of Fitzgerald*, 177 Ga. App. 859, 861 (3), 862 (341 SE2d 476).

"The employee[s'] declarations [here], in essence, sprang from [plaintiff's] revelation about his accident and [purportedly] explained why the employees had not [cleaned up the 18-inch patch of vomit]. Under the circumstances, it is clear that the statement[s] [were] voluntarily made and that there was no time for afterthought or design by the employee[s] prior to making [them]." *Quiktrip Corp. v. Childs,*

220 Ga. App. 463, 465 (3), 466 (469 SE2d 763). My review of the case sub judice reveals admissible evidence indicating defendant's prior actual knowledge of the alleged hazardous substance, thereby rendering summary judgment inappropriate. See *Brooks v. Sessoms*, 47 Ga. App. 554 (1) (171 SE 222); *Lundy v. Tucker*, 34 Ga. App. 721, hn. 3, supra. Compare *Collins v. S. H. Kress & Co.*, 114 Ga. App. 159 (1), 160 (150 SE2d 373). In *Collins*, there was absolutely no "evidence showing affirmatively that such [extrajudicial] statement was in fact made by an agent of the defendant, and that it was in fact made in reference to [that] plaintiff's fall." Id. As my colleagues in the majority would nevertheless affirm the unwarranted grant of summary judgment in the case sub judice, I respectfully dissent.

I am authorized to state that Judge Beasley and Judge Eldridge join in this dissent.

BEASLEY, Judge, dissenting.

I concur in the dissent of Presiding Judge McMurray. The primary issue at this stage, as we review the grant of summary judgment to defendant proprietor, is whether there is admissible evidence of a declaration against interest or res gestae statement made by an agent of defendant to prove prior, superior knowledge of the foreign substance by the proprietor. If there is, then the jury must decide if the proprietor breached its duty of care for its invitee.

Hagan, the injured plaintiff, testified in deposition that he did not know what the substance was that he had slipped on until "the employees" told him "somebody had spit up on the floor." In explaining this, he testified as recited by Presiding Judge McMurray. In addition, he related that the manager, a woman, told them to go to Humana Hospital and that Goody's should be billed. He did not know the manager's name or what she looked like but said his wife did. Sales clerk Stacy Franklin testified by affidavit that the assistant store manager on duty, whom she notified of Hagan's fall right after it happened, was Ann Tapley. Although Franklin testified that a few minutes prior to Hagan's fall she was able to observe the aisle "and did not see any foreign substance or liquid on the floor," she did not testify that she was looking for such or that none was there. There is contrary evidence showing that the substance was present when Hagan fell and that whoever was the source of it had time to leave the area.

*Lundy v. Tucker*, 34 Ga. App. 721, hn. 1 (130 SE 924) (1925), holds that an extrajudicial statement need not be established by the witness who establishes the existence of the statement but may be shown "by circumstantial evidence or by the testimony of other witnesses." The witness in *Lundy* who heard the statement, which was against the declarant's interest in the lawsuit, did not know the

woman who made it or whether that woman was the defendant. Even though this testimony was cumulative of another witness' testimony that he heard defendant make the statement, the court reversed the denial of a new trial because the trial court had excluded the first witness' testimony and this was error prejudicial to plaintiff.

*Collins v. S. H. Kress & Co.*, 114 Ga. App. 159 (150 SE2d 373) (1966), like this case, involved a slip and fall in a store. Plaintiff produced an alleged statement made by some unidentified person soon after the incident to the effect that " 'I told you ten minutes ago to get that stuff up, that somebody was going to break their neck.' " Id. This was properly excluded as an admission of the proprietor's knowledge of the presence of a foreign substance because there was no evidence that the declarant was an agent of defendant. There must be some affirmative evidence of this fact, "though it is not essential that the identity of the person making the statement be shown." Id. at 160 (1).

Viewing the evidence in favor of Hagan as the nonmoving plaintiff, *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), a jury could draw a reasonable inference that assistant store manager Ann Tapley· was one of the persons who explained to the Hagans the source of the foreign substance, indicating a prior knowledge of it by some employee, even if not herself. The jury could also reasonably infer that, because the child and his mother were no longer present, the child's sickness had occurred long enough in advance of Hagan's fall for the proprietor to clean it up or warn invitees of its presence.

DECIDED JULY 3, 1997 —
RECONSIDERATION DENIED JULY 25, 1997 —

*Samuel W. Cruse*, for appellant.
*Fulcher, Hagler, Reed, Hanks & Harper, David H. Hanks, Elizabeth McLeod*, for appellee.