A06A0420. A.A.L., INC. v. COLONIAL PIPELINE COMPANY.

(633 SE2d 560)

SMITH, Presiding Judge.

A jury found in favor of Colonial Pipeline Company (Colonial) on A.A.L., Inc.'s (A.A.L.) claim for tortious interference with contract. The jury also determined the width of Colonial's easement over A.A.L.'s property. On appeal, A.A.L. challenges the trial court's denial of its motion for directed verdict. A.A.L. also enumerates as error several of the trial court's evidentiary rulings and its instruction on tortious interference. We find no error and affirm.

The evidence shows that in 1962, A.A.L.'s predecessors in title granted Colonial a right-of-way easement over the full length of a 3.55-acre parcel of land. Colonial was granted "an easement for a pipeline right of way with the right to construct [and] maintain, . . . a pipeline, . . . on, over, and through" the property. Colonial installed a 36-inch underground pipeline in its right-of-way, and in 1977 it

---

[31] See generally *Benton*, supra; *Ballenger*, supra; *Mangiapane*, supra.

installed a second pipeline. The 3.55 acres was conveyed to A.A.L. by warranty deed in 1973. In 2001, A.A.L. entered into a contract with Leeds Properties, Inc. (Leeds), for the purchase of 1.576 acres of A.A.L.'s property (containing Colonial's easement) for $600,000. Colonial informed Leeds that it had a 75-foot-wide easement on the subject property. Leeds subsequently cancelled the contract with A.A.L. because it could not get the desired square footage in light of Colonial's easement.

A.A.L. filed a complaint seeking a declaratory judgment that Colonial's easement was 36 inches in width "plus an area not exceeding ten (10) feet to allow [Colonial] ingress and egress to service the pipe." It also sued Colonial for tortious interference with contract. Following a trial, a jury found in favor of Colonial on A.A.L.'s claim for tortious interference with contract, and determined that Colonial's easement was 60 feet wide. It is from this verdict and judgment that A.A.L. appeals.

1. In three enumerations, A.A.L. challenges evidentiary rulings made by the trial court.

> [T]he admission of evidence is generally committed to the sound discretion of the trial court, whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion. This is so because trial courts, unlike appellate courts, are familiar with a piece of litigation from its inception, hear first-hand the arguments of counsel, and consider disputed evidence within the context of an entire proceeding. Hence, it is only natural that an appellate court should defer to the trial court with regard to the admission of evidence, unless the lower court's decision is so flawed as to constitute an abuse of discretion.

(Citations, punctuation and footnotes omitted.) *Cooper Tire & Rubber Co. v. Crosby*, 273 Ga. 454, 456-457 (2) (543 SE2d 21) (2001).

(a) A.A.L. first argues that the trial court erred in refusing to allow testimony regarding a statement made by an alleged agent of Colonial. A.A.L.'s agent would have testified that in 1977, Colonial's right-of-way agent informed him that A.A.L. could build on the property up to the pipeline. A.A.L. sought to admit this testimony as an admission against Colonial's interest to show that Colonial acknowledged that the width of the easement did not exceed the width of the pipe. It is true that an admission by an agent made during the existence and in the pursuance of his agency is admissible against the principal. See OCGA § 24-3-33. Here, however, there is no evidence that the right-of-way agent, whose whereabouts were unknown and who was unavailable for trial, was acting as Colonial's agent and

speaking within his authority.[1] See *Gordon v. Athens Convalescent Center*, 146 Ga. App. 134, 135 (1) (245 SE2d 484) (1978). Moreover, the evidence would not have been otherwise admissible as part of the res gestae since it cannot be shown that it was made under circumstances indicating that it was free from "all suspicion of device or after-thought." OCGA § 24-3-3. Under these circumstances, we cannot say that the trial court abused its discretion in disallowing this testimony.

(b) A.A.L. argues that the trial court erred in allowing evidence of profits it received in 1977 and 1986 from the sale of other portions of its property. A.A.L. objected that such evidence was irrelevant and should have been excluded. Colonial, however, offered evidence of these sales for the stated purpose of showing that by selling other portions of its property, A.A.L. rendered the remainder of its property unsuitable for development and worthless.

"Evidence which may itself be irrelevant may nevertheless be so interwoven with relevant testimony as to require its admission in elucidation of the relevant testimony." (Citations omitted.) *Hodnett v. Hodnett*, 99 Ga. App. 565, 567 (1) (109 SE2d 285) (1959). Here, evidence of the profits made by A.A.L. from the sale of other portions of its property was incidental to the relevant evidence of the value of the remaining property. See id. A.A.L.'s argument here fails.

(c) A.A.L. contends that the trial court erred in allowing testimony to be read from the transcript of a 1979 condemnation proceeding involving a portion of A.A.L.'s property. The testimony read from the 1979 proceeding was given by A.A.L.'s expert witness, who stated that Colonial's easement was 75 feet in width. A.A.L. argues that such testimony was hearsay. This testimony, however, was not offered to show the truth of the statement that the easement was 75 feet in width, but was offered to show that as early as 1979, A.A.L. was aware of a claim that the easement was 75 feet wide. See, e.g., *Quiktrip Corp. v. Childs*, 220 Ga. App. 463, 466 (3) (469 SE2d 763) (1996). The admission of this testimony therefore did not constitute error.

2. A.A.L. argues that the trial court erred in denying its motion for directed verdict. "A directed verdict is required where there is no conflict in the evidence as to any material issues and the evidence introduced, construed in favor of the nonmovant, demands a particular verdict. Thus, the standard of appellate review of a trial court's

---

[1] In some instances, a right-of-way agent is employed by county government. See *Swiedler v. Fulton County*, 247 Ga. 164 (275 SE2d 310) (1981); *Brownlee v. Williams*, 233 Ga. 548 (212 SE2d 359) (1975).

denial of a motion for a directed verdict is the any evidence test." (Citations omitted.) *Williams v. Martin*, 273 Ga. App. 562, 563-564 (1) (615 SE2d 774) (2005).

During trial, the court denied A.A.L.'s motion for a directed verdict on the issue of its right "to build a building up to the pipeline consistent with the unambiguous language in the easement that has really not been contested in this case." Colonial's easement provided that A.A.L. could not "build, create, or construct any obstructions, engineering works, or other structures over said pipe line. . . ." A.A.L. appears to argue that since the easement *prohibited* it from building *over* the pipeline, it was therefore *permitted* to build *up to* the pipeline, showing that Colonial's easement was no wider that its pipeline. To the contrary, the language prohibiting A.A.L. from building over the pipeline says nothing about the width of Colonial's easement. Moreover, A.A.L.'s interpretation belies the plain language of the easement, which grants Colonial the right of "unimpaired access to said pipeline" because Colonial's access obviously would be "impaired" if A.A.L. were permitted to build up to the pipeline.

A.A.L. essentially moved the trial court for a directed verdict on the width of the easement. Because the evidence was in conflict as to this issue and did not demand a verdict in favor of A.A.L., the trial court did not err in denying A.A.L.'s motion for directed verdict. See *MacGibbon v. Akins*, 245 Ga. App. 871, 873 (2) (538 SE2d 793) (2000).

3. A.A.L. contends that the trial court erred in refusing to give its requested instructions on tortious interference with business relations. "In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge." (Citations and punctuation omitted.) *Lee v. Bartusek*, 205 Ga. App. 551, 551-552 (1) (422 SE2d 570) (1992).

Here, A.A.L. alleged only tortious interference with contract in its complaint, not tortious interference with business relations.[2] It presented evidence that Leeds cancelled its contract with A.A.L. because it could not get the square footage desired if Colonial had a 75-foot right-of-way, as it believed. A.A.L. has pointed to no evidence, and we have found none, that shows that Colonial induced any third party to forgo a business relationship with A.A.L. See *Cochran v. Mullinax*, 276 Ga. App. 81, 86-87 (3) (622 SE2d 455) (2005). The trial court therefore did not err in refusing to give the requested instructions on tortious interference with business relations.

---

[2] We also note that A.A.L. did not request that the verdict form include an option for the jury to decide a claim based on tortious interference with business relations.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED JUNE 13, 2006 —
RECONSIDERATION DENIED JULY 3, 2006 — 

*Webb, Tanner, Powell, Mertz & Wilson, Melody A. Glouton, Anthony O. Powell*, for appellant.

*Davis, Matthews & Quigley, Ron L. Quigley, Vincent J. Arpey*, for appellee.